IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FORTA CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. ) ) |
| SURFACE-TECH, LLC, JAS COMPANY, LLC and JOE STURTEVANT, | ) ) ) ) |
| Defendants. | ) ) ) ) |

## COMPLAINT

### Preliminary Statement

This is a Complaint for unfair competition and breach of contract based on: Defendants' knowing and intentional false and misleading statements passing off its products as having undergone rigorous testing and as equivalent to Plaintiff's tested, proven and well-respected products; and Defendants' improper use of Plaintiff's confidential and proprietary information, among other things, which have caused Plaintiff harm.

### The Parties

1. Plaintiff, Forta Corporation ("Forta"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 Forta Drive, Grove City, PA.

2. Defendant, Surface-Tech, LLC ("Surface-Tech"), is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business located at 111 Southwest Fifth Avenue, Suite 1740, Portland, OR.

{J1787846.3}

3. Defendant, JAS Company, LLC ("JAS"), is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business located at 111 Southwest Fifth Avenue, Suite 1740, Portland, OR.

4. Defendant, Joe Sturtevant ("Sturtevant"), is an individual residing in Portland, OR. Upon information and belief, Sturtevant is a licensed engineer holding a Professional Engineer (P.E.) designation.

### Jurisdiction and Venue

5. This is an action for unfair competition under the Trademark Act, as amended, 15 U.S.C. § 1051, *et seq.* ("Lanham Act"), and the laws of the Commonwealth of Pennsylvania. This Court has jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331, 1332, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). The activities of all Defendants as described herein are sufficient to subject each of them to the personal jurisdiction of this Court.

6. The amount in controversy exceeds $75,000, exclusive of interest.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### Facts

### The Forta Products and Patents

8. Forta was founded in 1978 and, since that time, it has expended significant time and resources in the research and development of the use of synthetic fiber reinforcement to improve the structural integrity of concrete and asphalt.

9. Due to the time, effort and money expended by Forta in researching and developing its products, in addition to marketing its products, Forta has grown to be a domestic and world leader in the reinforced concrete and asphalt business.

10. Forta sells and distributes its products in the United States through a number of channels of distribution to ultimate end-users, including concrete and asphalt producers. Forta's channels of distribution for its reinforcing products include architects, designers, builders, contractors, distributors, project owners, concrete and asphalt manufacturers, professional remodelers and state and local departments of transportation.

11. Building on its history of developing, testing and producing fiber reinforcement blends for applications in portland and asphalt cements, Forta has developed new blends specifically formulated to reinforce hot-mix asphalt ("HMA"), warm-mix asphalt ("WMA"), and hot/cold patch ("PAT").

12. Forta's first patent for asphalt reinforcing fibers was issued in 1982 and since then its products have been successfully used in projects around the world. Forta has continued to fund additional research projects to optimize its products and to quantify the value provided by these products to its ultimate customers.

13. In 2008, Forta partnered with the Arizona State University to conduct a research project of Forta's reinforced asphalt concrete. The 2008 research project showed remarkable results, which demonstrated the stability and durability of the Forta product.

14. Forta's current asphalt reinforcing product is called FORTA-FI®, comprised of chemically-inert synthetic fibers and materials that are mixed quickly and distributed uniformly in asphalt mixtures. Once distributed, FORTA-FI® fibers act as reinforcement in both conventional and modified asphalt mixtures offering improvement to stability and reducing stability-related problems, which often occur in unreinforced asphalt pavements.

15. FORTA-FI® controls thermal, reflective and fatigue-cracking, as well as rutting, thus improving the durability and longevity of a wide variety of HMA, WMA and PAT asphalt applications.

16. The FORTA-FI® family of products are proprietary blends containing aramid and polyolefin fibers and other materials known for their strength, durability and binding properties.

17. FORTA-FI® has been tested in conventional asphalt laboratory research programs and in project batches of asphalt using FORTA-FI® reinforcement on actual roadways.

18. This extensive testing has proven the increased strength and durability of asphalt reinforced with FORTA-FI®.

19. The FORTA-FI® combination of fibers and process for mixing the fibers are the subject of several patents and provisional patent applications.

20. Tracy Lang, a former long-time employee of Forta, is listed as an inventor on many of these patents and patent applications as a result of his work for and employment with Forta.

21. In addition to the time and resources devoted to extensive research of the FORTA-FI® family of products, Forta has extensively researched and marketed the FORTA-FI® family of products.

22. Forta utilizes photographs and images of reinforced fibers in its promotional materials. These photographs and images are proprietary and are copyright protected by federal law.

23. Through its research and marketing efforts, the FORTA-FI® family of products have attained a favorable reputation in the asphalt industry including a reputation of high quality and durability.

### The Defendants' Relationship With Forta

24. As a long time employee of Forta and as an inventor on the Forta patents, Lang had access to and knowledge of Forta's proprietary information relating to reinforced asphalt, including but not limited to the types of fibers used, the method for mixing the fibers into asphalt, the testing that was contemplated or in process, Forta's customers and prospective customers, Forta's pricing and marketing strategies of its FORTA-FI® family of products.

25. Lang introduced Forta to Defendant Sturtevant.

26. Lang's employment as Forta's Manager-Asphalt was terminated by Forta in July, 2013.

27. Defendant Sturtevant is, upon information and belief, a licensed engineer with experience in roadway construction and pavement engineering. Sturtevant holds himself out as knowledgeable of and well connected in the asphalt industry.

28. Upon information and belief, Lang first met Sturtevant at an asphalt trade show in March 2012 when Lang was still a Forta employee. Sturtevant expressed an interest in serving as a sales representative and/or distributor of the FORTA-FI® family products.

29. After that trade show, Lang recommended to Forta that it hire Sturtevant as an independent sales representative of Forta's products, including the FORTA-FI® family of products, in the western United States.

30. Forta followed Lang's recommendation and, in April 2012, it entered into an independent sales representative agreement with Sturtevant and his company JAS (the "Sales Rep Agreement").

31. The Sales Rep Agreement was effective April 1, 2012, and provided that Sturtevant and JAS would be permitted to sell the FORTA-FI® family of products, including

Forta's HMA blend, WMA blend and PAT blend, within a specified territory, which originally included Idaho, Washington, Oregon, and Alaska and later was modified pursuant to the terms of the Sales Rep Agreement to include California. A copy of the Sales Rep Agreement is attached as Exhibit A.

32. The Sales Rep Agreement includes confidentiality provisions which survive the termination of the contract. The confidentiality provisions require Sturtevant and JAS to keep confidential Forta's proprietary information, including customer lists and contact information, price lists, engineering manuals, and technical aids, among other things. Sturtevant and JAS were only permitted to use Forta's confidential and proprietary information for the performance of services under the Sales Rep Agreement.

33. After entering into the Sales Rep Agreement, Sturtevant travelled to Forta's headquarters in Grove City, Pennsylvania, to be trained on the FORTA-FI® family of products.

34. Sturtevant toured Forta's facilities and was extensively trained by Lang and others on the FORTA-FI® products.

35. During the training in Grove City, Pennsylvania, Sturtevant obtained confidential information regarding Forta's products, research, manufacturing processes, pricing, customers, prospective customers, marketing and overall business strategies, among other things.

36. Just days after the training, in June 2012, Sturtevant introduced Forta to a company that is now called Alliance Geo. Sturtevant informed Forta that he intended to become associated with Alliance Geo and that Alliance Geo was interested in becoming the distributor of the FORTA-FI® family of products in the western United States.

37. After meeting with Sturtevant and Alliance Geo, Forta entered into an agreement with Alliance Geo. Because Sturtevant was associated with Alliance Geo and working with

{J1787846.3}                                6

44. To the extent that he is viewed as such, Sturtevant became a fiber reinforcement engineering "expert" using Forta's proprietary information and goodwill and by associating himself with the FORTA-FI® family of high quality products.

### The Defendants' Improper Use Of Forta's Proprietary Information

45. Sturtevant took the knowledge, information and goodwill gained from Forta and used it, along with the research and successful installations of the FORTA-FI® family of products, to promote Surface-Tech.

46. Surface-Tech, Sturtevant and/or JAS, are improperly using Forta's research and products to promote Surface-Tech's products and business.

47. For example, on the Surface-Tech website and promotional materials, Defendants state that studies from Arizona State University and Penn DOT have demonstrated certain increases in strength and durability of fiber reinforced asphalt. The studies are not evaluations of Surface-Tech's products, but rather are of the FORTA-FI® family of products. A copy of the misleading promotional materials is attached as Exhibit B.

48. Similarly, Surface-Tech's promotional materials list several users of fiber reinforced asphalt, all of which are installations or users of the FORTA-FI® family of products, not Surface-Tech's products.

49. Upon information and belief, Defendants are using information from Forta presentations to promote Surface-Tech's products and holding out the information as relating to Surface-Tech.

50. Defendants' statements falsely imply or infer that Defendants' products were tested in the studies of FORTA-FI® and used at the sites where FORTA-FI® was installed. The

representations are false and misleading and, in making such statements, it is Defendants' intent to mislead purchasers and potential purchasers of fiber-reinforced asphalt products.

51. Defendants' use of and reference to Forta's research results and FORTA-FI® installations is deceptive and is meant to mislead customers into believing that Defendants' products were tested, analyzed and/or evaluated and produced the positive results represented and that Defendants' products are installed by the entities and at the locations listed.

52. Sturtevant, on behalf of the Defendants, has also made several false and misleading verbal statements at trade shows and directly to customers attempting to pass off Defendants' products as exactly the same as the FORTA-FI® family of products.

53. Sturtevant knowingly, deceptively and falsely informed a group of attendees at a trade show that Surface-Tech's products are "the same as" FORTA-FI®.

54. Sturtevant knowingly, deceptively and falsely informed the City of Bremerton, California that Surface-Tech's products are "exactly the same as" FORTA-FI®.

55. Sturtevant made these deceptive, false statements with the intent to mislead customers and to benefit from the good will and reputation, research and testing of FORTA-FI®.

56. When promoting their products to end users, Defendants have used Forta's photographs and images, which are proprietary and are copyright protected.

57. As the copyright owner of the photographs and images of reinforcement fibers, Forta has exclusive rights to those images in commercial settings.

## COUNT ONE

### FEDERAL UNFAIR COMPETITION

58. Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 57 as if fully rewritten.

59. Defendants' advertising and promotion of their products comparing them to FORTA-FI® are false and misleading.

60. Defendants are falsely and misleadingly stating in their advertising and promotion that their products were the subject of the FORTA-FI® studies and testing and were the products installed at the sites where FORTA-FI® was, in fact, installed.

61. The Defendants' deception through its false and misleading statements is material, and has and will continue to influence potential customers of Plaintiff, causing Plaintiff harm.

62. Defendants' deceptive, false and misleading statements constitute unfair competition in violation of the Lanham Act.

## COUNT TWO

## BREACH OF CONTRACT

63. Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 62 as if full rewritten.

64. The use of Forta's confidential and proprietary information constitutes a breach of the Sales Rep Agreement by Defendant Sturtevant and Defendant JAS.

65. Breach of the Sales Rep Agreement by Defendant Sturtevant and Defendant JAS has and will continue to cause harm to Plaintiff.

## COUNT THREE

## COMMON LAW UNFAIR COMPETITION

66. Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 65 as if fully rewritten.

67.     The acts of Defendants described and complained of herein constitute unfair competition and violation of the laws of the Commonwealth of Pennsylvania.

## COUNT FOUR

## COPYRIGHT INFRINGEMENT

68.     Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 67 as if fully rewritten.

69.     The acts of Defendants described herein constitute copyright infringement.

## COUNT FIVE

## UNJUST ENRICHMENT

70.     Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 69 as if fully rewritten.

71.     The acts of Defendants described herein have resulted in Defendants being unjustly enriched to the detriment of Forta.

WHEREFORE, Forta Corporation demands judgment in its favor and against the Defendants, jointly and severally, as follows:

(a)  That Defendants be preliminarily and permanently enjoined from using, exploiting or trading on Forta's proprietary information, copyrighted images and products, including the FORTA-FI® family of products;

(b)  That Defendants be preliminarily and permanently enjoined from using, exploiting or trading on the research results and installations of Forta's products, including the FORTA-FI® family of products;

(c)  Judgment that Defendant Sturtevant and Defendant JAS have breached the Sales Rep Agreement;

(d)  An award of actual damages;

(e)  An award of punitive damages; and

(f) An award of attorneys' fees, costs and such other relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Wendy West Feinstein
Timothy P. Ryan (Pa. I.D. No. 42154)
Wendy West Feinstein (Pa. I.D. No. 86698)

ECKERT SEAMANS CHERIN & MELLOTT, LLC
U.S. Steel Tower, 44th Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 566-6000 (tel)
(412) 566-6099 (fax)
tryan@eckertseamans.com
wfeinstein@eckertseamans.com

*Attorneys for Plaintiff, Forta Corporation*

Dated:  November 7, 2013