## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FORTA CORPORATION | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.:  2:13-cv-01608 |
| v. | ) | |
| | ) | |
| SURFACE-TECH, LLC; JAS COMPANY, LLC; and JOE STURTEVANT, | ) | The Honorable Nora Barry Fischer |
| | ) | |
| | ) | |
| Defendants. | ) | *Electronically Filed* |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Surface-Tech, LLC ("Surface-Tech"), JAS Company, LLC ("JAS"), and Joe Sturtevant ("Mr. Sturtevant") (collectively, "Defendants") respond to Plaintiff, Forta Corporation's ("Forta") Second Amended Complaint (Dkt. 13) as follows:

## ANSWER

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same is therefore denied.

2.      Admitted.

3.      It is denied that JAS's principal place of business is located 111 Southwest Fifth Avenue, Suite 1740, Portland, OR.  The remaining allegations of this paragraph are admitted.

4.      It is denied that Mr. Sturtevant resides in Portland, OR.   The remaining allegations of this paragraph are admitted

5.      Defendants admit only that Forta brought this action alleging unfair competition under the Lanham Act and the laws of the Commonwealth of Pennsylvania and for patent infringement.  The remaining allegations of this paragraph are denied as conclusions of law.

6.      Denied.

7.     Denied.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

11.    Denied.  Upon information and belief, Forta's HMA, WMA, and PAT blends are not new or specifically formulated blends.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

15     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

21.     It is denied that the '514 Patent was "duly issued."  The remaining allegations of this paragraph are admitted.

22.     It is admitted that Tracy H. Lang is named as an inventor on the '514 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and the same are therefore denied.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

24.     It is denied that the '889 Patent was "duly issued."  The remaining allegations of this paragraph are admitted.

25.     It is admitted that Tracy H. Lang is named as an inventor on the '889 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and the same are therefore denied.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statement that "Forta utilizes photographs and images of reinforced fibers in its promotional materials," and the same is therefore denied.   The remaining allegations in this paragraph are denied as conclusions of law.

29.     Denied.

30.     Admitted.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

33.     It is admitted that Mr. Sturtevant is a professional engineer with experience in the roadway construction and pavement engineering industries.   The remaining allegations of this paragraph are denied as constituting Forta's characterizations of Mr. Sturtevant and/or speculation.

34.     It is admitted Mr. Sturtevant first met Mr. Lang at a trade show sometime in the Spring of 2012.   The remaining allegations of this paragraph are vague and lack sufficient information to enable Defendants to form a belief as to their truth and are denied.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied.

36.     It is admitted only that Forta and JAS and Mr. Sturtevant entered into an Independent Sales Representative Agreement in April 2012.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and the same are therefore denied.

37.     The Independent Sales Representative Agreement attached as Exhibit C to Forta's Second Amended Complaint is a document which speaks for itself and Forta's characterization thereof is denied.

38.     The Independent Sales Representative Agreement attached as Exhibit C to Forta's Second Amended Complaint is a document which speaks for itself and Forta's characterization thereof is denied.

39.     Denied as the phrase "FORTA-FI® family of products" is vague and undefined. It is admitted that Sturtevant received some training at Forta's location in Grove City, Pennsylvania.

40.     It is admitted that Sturtevant received some training at Forta's location in Grove City, Pennsylvania.  The remaining allegations of this paragraph are vague and lack sufficient information to enable Defendants to form a belief as to their truth and are denied.

41.     Denied.

42.     It is admitted only that Mr. Sturtevant introduced Forta to Alliance Geo for the purpose of distributing FORTA-FI® products and that Sturtevant was subsequently associated with Alliance Geo.  The remaining allegations of this paragraph are vague and lack sufficient information to enable Defendants to form a belief as to their truth and are denied.

43.     It is admitted only that Forta entered into an arrangement with Alliance Geo and subsequently terminated the Independent Sales Representation Agreement with JAS and Mr. Sturtevant.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and the same are therefore denied.

44.      Admitted.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Forta's discussions with Alliance Geo and the same is therefore denied.  To the extent the remaining allegations of this paragraph constitute Forta's characterization of a document, the same is denied as the document speaks for itself.

46.  Denied to the extent the allegations of this paragraph constitute Forta's characterization of a document which speaks for itself or Forta's characterization of a conversation.

47.  Denied to the extent the allegations of this paragraph constitute Forta's characterization of a document which speaks for itself or Forta's characterization of a conversation.

48.     Denied to the extent the allegations of this paragraph constitute Forta's characterization of a document which speaks for itself or Forta's characterization of a conversation.

49.     Denied to the extent the allegations of this paragraph constitute Forta's characterization of a document which speaks for itself or Forta's characterization of a conversation.

50.     Denied.

51.     Denied.

52.     Denied.

53.     It is admitted only that Exhibit D to the Second Amended Complaint is a Surface-Tech advertisement; however, Forta's characterization of this document is denied as the document speaks for itself.  It is further denied that the referenced Arizona State University and Penn DOT studies are evaluations of the "FORTA-FI® family of products."  The remaining

allegations of this paragraph are vague and lack sufficient information to enable Defendants to form a belief as to their truth and are denied.

54.    It is admitted only that Surface-Tech previously had certain promotional materials that listed several users of fiber reinforced asphalt.  The remaining allegations of this paragraph are denied as they constitute Forta's characterization of a document which speaks for itself.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT ONE
## FEDERAL UNFAIR COMPETITION

69.    Defendants restate and incorporate its answer to paragraphs 1-68 as if fully rewritten.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

## COUNT TWO
## BREACH OF CONTRACT

74.     Defendants restate and incorporate its answer to paragraphs 1-73 as if fully rewritten.

75.     Denied.

76.     Denied.

## COUNT THREE
## COMMON LAW UNFAIR COMPETITION

77.     Defendants restate and incorporate its answer to paragraphs 1-76 as if fully rewritten.

78.     Denied.

## COUNT FOUR
## COPYRIGHT INFRINGEMENT

79.     Defendants restate and incorporate its answer to paragraphs 1-78 as if fully rewritten.

80.     No answer is required as this Count was voluntarily dismissed by Forta (Dkt. 37).

## COUNT FIVE
## PATENT INFRINGEMENT

81.     Defendants restate and incorporate its answer to paragraphs 1-80 as if fully rewritten.

82.   Denied.

83.   Denied.

84.   Denied.

## COUNT SIX
## PATENT INFRINGEMENT

85.   Defendants restate and incorporate its answer to paragraphs 1-84 as if fully rewritten.

86.   Denied.

87.   Denied.

88.   Denied.

## COUNT SEVEN
## UNJUST ENRICHMENT

89.   Defendants restate and incorporate its answer to paragraphs 1-88 as if fully rewritten.

90.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants have not infringed any claim of the '514 Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

Defendants have not infringed any claim of the '889 Patent, either literally or under the doctrine of equivalents.

2993491-4

## THIRD AFFIRMATIVE DEFENSE

The '514 Patent is invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. §§ 101 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

The '889 Patent is invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. §§ 101 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

The '514 patent is unenforceable for inequitable conduct because Forta knowingly withheld information that is material to the patentability of the '514 Patent with intent to deceive the U.S. Patent and Trademark Office ("USPTO").

## SIXTH AFFIRMATIVE DEFENSE

The '889 patent is unenforceable for inequitable conduct because Forta knowingly withheld information that is material to the patentability of the '889 Patent with intent to deceive the USPTO.

## SEVENTH AFFIRMATIVE DEFENSE

Surface-Tech's advertisements and promotional materials are not false and misleading.

## EIGHTH AFFIRMATIVE DEFENSE

Forta's unfair competition claims are barred because it cannot prove that Defendants' acts deceive the intended audience.

## NINTH AFFIRMATIVE DEFENSE

Surface-Tech's advertisements and promotional materials are factually correct and true and Forta is not entitled to any relief as a result of their distribution.

## TENTH AFFIRMATIVE DEFENSE

Forta cannot establish that Defendants used any of Forta's alleged "confidential and proprietary information" in violation of the Independent Sales Representative Agreement between Forta and JAS and Mr. Sturtevant.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants have not been unjustly enriched to the detriment of Forta.

## TWELFTH AFFIRMATIVE DEFENSE

Forta fails to state a claim upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

Forta is not entitled to any relief for the acts alleged in its Second Amended Complaint because there is no harm or injury to Forta.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Forta seeks equitable relief, Forta's conduct constitutes unclean hands and bars the granting of such relief to Forta.

## COUNTERCLAIMS

Defendants and Counterclaimant, Surface-Tech, LLC ("Surface-Tech"), JAS Company, LLC ("JAS"), and Joe Sturtevant ("Mr. Sturtevant") (collectively, "Defendants"), by and through their attorneys, hereby asserts the following Counterclaims against Plaintiff and Counterclaim Defendant, Forta Corporation ("Forta").

**Parties**

1.      Upon information and belief, Plaintiff and Counterclaim Defendant, Forta, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place in Grove City, Pennsylvania.

2.      Defendant and Counterclaimant, Surface-Tech, is a corporation organized and existing under the State of the State of Oregon with a principal place of business in Portland, Oregon.

3.      Defendant and Counterclaimant, JAS Company, is a corporation organized and existing under the State of the State of Oregon with a principal place of business in Portland, Oregon.

4.      Defendant and Counterclaimant, Mr. Sturtevant, is an individual residing in Vancouver, WA.

**Jurisdiction and Venue**

5.      Forta has invoked the jurisdiction and venue of this Court by filing its Second Amended Complaint arising out of the same subject matter as Defendants' Counterclaims.

6.      Jurisdiction arises under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202 and 15 U.S.C. § 1121.

**Background**

7.      In or about the October 2013, Surface-Tech developed a new asphalt concrete fiber reinforcement additive consisting in part of wax treated aramid fibers.

8.      Surface-Tech's new asphalt concrete fiber reinforcement additive is sold and advertised under the trade name "ACE."

-12-

9.      Surface-Tech's ACE products are designed for improved control of fiber delivery in an asphalt mixing plant.

10.     On November 7, 2013, Forta filed its original Complaint (Dkt. 1).

11.     On November 8, 2013, Forta filed its First Amended Complaint (Dkt. 6).

12.     On December 12, 2013, Forta filed its Second Amended Complaint (Dkt. 13) alleging the following counts:

Count I:      Federal Unfair Competition;

Count II:     Breach of Contract;

Count III:    Common Law Unfair Competition;

Count IV:     Copyright Infringement;

Count V:      Infringement of U.S. Patent No. 8,114,514 ("'514 Patent"), including claims
              for direct, contributory, induced, and willful patent infringement;

Count VI:     Infringement of U.S. Patent No. 8,142,889 ("'889 Patent"), including claims
              for direct, contributory, induced, and willful patent infringement; and

Count VII:    Unjust enrichment.

**Forta's Products**

13.     Forta's FORTA AR® brochure titled "Forta AR® Reinforcing the Future of Asphalt, alleges that Forta's "products have played an important role in improving the performance and durability of concrete and asphalt for over 25 years."  Ex. A, at p. 2.  Upon information and belief, this brochure was printed around 2003.

14.     FORTA AR® was the trade name used for Forta's asphalt reinforcing products prior to Forta adopting the trade name FORTA-FI® for use with its current asphalt reinforcing products.

2993491-4

15.    The FORTA AR® brochure describes the FORTA AR® product as follows:

FORTA® AR® is a proprietary blend of two synthetic fibers that work together to enhance the performance of asphalt. FORTA® AR® consists of unique twisted-bundle <u>polypropylene</u> networks (tan fiber) to aid in mixing and distribution, and high-strength, high-temperature <u>aramid fibers</u> (bright yellow) to reinforce and improve HMA properties.

Ex. A, at p. 2 (emphasis added).

16.    Forta's website describes the "Project History" of its FORTA AR® products, and states that FORTA AR® was used in multiple projects as early as June 1982. Ex. B (taken from http://fortafi.tillmangroup.com/project-history/ on December 23, 2013).

17.    Forta's FORTA AR® advertisement titled, "Two Pictures That'll Change The Way You Look At Asphalt Reinforcement," illustrates the FORTA AR® product sold in a meltable bag. Ex. C, at pg. 2.

18.    Similarly, the publication from UTRS Europe, titled "21st Century Road Construction, FORTA® AR® Fiber Asphalt Reinforcement," Universal Technical Resource Services, Inc. (2007), describes the FORTA AR® product sold in a bag for use in the mixing process, stating, "[a]dd one 0.5-kg bag of FORTA® AR® per metric ton of asphalt to the aggregate at the start of the dry mix process." Ex. D. at p. 11.

19.    The study by Arizona State University ("ASU Study"), whom Forta alleges to have partnered with "to conduct a research project on Forta's reinforced asphalt concrete," illustrates Forta Evergreen Mix being used with a batch asphalt plant. Ex. E. at p. 8, Fig. 8.

20.    Upon information and belief, Forta Evergreen is another name used for FORTA AR®.

21.    Upon information and belief, Forta's current product, FORTA-FI®, is believed to be substantively identical to its FORTA AR® products.

22.     Forta advertisements, brochures, and promotional materials for its FORTA-FI® products attempt to pass off the ASU Study as having been performed on its FORTA-FI® products.  Upon information and belief, the ASU Study was performed on Forta's FORTA AR® products.  Ex. F. (taken from http://www.forta-fi.com/tested-and-proven/ on April 15, 2014).

23.     Forta's advertisements, brochures, and promotional materials also falsely state that its FORTA-FI® product "[d]istributes throughout asphalt uniformly and completely," and [m]ixes thoroughly in seconds."   Ex. G (taken from http://www.forta-fi.com/why-fortafied-asphalt/ on April 15, 2014).

24.     Forta is aware that the FORTA-FI® product does not mix thoroughly and uniformly and it causes unacceptable "clumping" in the final asphalt mix.

25.     Upon information and belief, Forta's customers have complained directly to Forta about the clumping issues associated with its FORTA-FI® product.

26.     Forta also has knowledge of a published study conducted by the Illinois Center for Transportation in March 2013, which tested Forta's HMA blend, a FORTA-FI® product sold in a meltable bag, and concluded that the "[t]he plastic vinyl bags, containing fibers, created fiber lumps in the asphalt mixtures that stuck in the augers, resulting in an uneven pavement surface." Ex. H at p. 5, 11-12.

27.     Forta's advertisements, brochures, and promotional materials advertise its FORTA-FI® products as being sold in three unique formulas for specific asphalt types, including Forta's HMA Blend "for Hot Mix Asphalt," WMA Blend "for Warm Mix Asphalt," and PAT Blend "for Hot/Cold Patch Asphalt."  Ex. I (taken from http://www.forta-fi.com/forta-fi-blends/ on April 15, 2014).

28.     Upon information and belief, all three blends of the FORTA-FI® products have substantively identical formulas and have not been uniquely designed for distinct asphalt mixtures.

29.     Surface-Tech has suffered loss of profits and other damages while Forta earned illegal profits, in an amount to be proven at trial, as the result of the aforementioned acts of Forta.

30.     Unless preliminarily and permanently enjoined by this Court, Forta and its agents, distributors, or other persons or entities related to or doing business with Forta will continue to engage in false advertising and/or misleading advertising to the irreparable harm and injury of Surface-Tech and to the unjust enrichment of Forta.  Surface-Tech has no adequate remedy at law and cannot obtain relief save in this Court by an injunction, accounting and damages.

**The Patents-in-Suit**

31.     U.S. Patent No. 8,114,514 (the "'514 Patent"), entitled "Reinforcement Composition and Method," was filed on August 14, 2009, and issued on February 14, 2012.  A copy of the '514 Patent is attached as Exhibit A to the Second Amended Complaint.

32.     U.S. Patent No. 8,142,889 (the "'889 Patent"), entitled "Reinforcement Composition and Method," was filed on January 27, 2009 as a division of the '514 Patent, and issued on March 27, 2012.  A copy of the '889 Patent is attached as Exhibit B to the Second Amended Complaint.

33.     During prosecution of the '514 and '889 Patents (collectively, the patents-in-suit"), Forta did not disclose its FORTA AR® product to the USPTO examiner in charge of the prosecution leading to those patent-in-suit.

34.     During the USPTO prosecution of the patents-in-suit, Forta knew that its FORTA AR® product was material to the patentability of the claims of the patents-in-suit.

35.     During the USPTO prosecution of the patents-in-suit, Forta knew that it was under a duty to disclose information material to patentability of the patents-in-suit to the USPTO examiner, but Forta intentionally chose to withhold information concerning its FORTA AR® products.

## FIRST COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of the '514 Patent

36.     The allegations in Paragraphs 1-35 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

37.     An actual controversy exists under the Patent Act, 35 U.S.C. § 1, *et seq*. between Defendants and Forta concerning Defendants' alleged infringement of the '514 Patent, which requires a declaration of rights by this Court.

38.     Defendants' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*. and 35 U.S.C. §§ 1, *et seq*.

39.     Defendants have not and do not infringe, either literally or under the doctrine of equivalents, any claim of the '514 Patent.

40.     Defendants have not and are not inducing infringement of any claim of the '514 Patent.

41.     Defendants have not and are not contributorily infringing any claim of the '514 Patent.

42.     Defendants are entitled to a declaratory judgment that they have not in the past infringed and are not now infringing the '514 Patent.

2993491-4

## SECOND COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of the '889 Patent

43.     The allegations in Paragraphs 1-42 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

44.     An actual controversy exists under the Patent Act, 35 U.S.C. § 1, *et seq.* between Defendants and Forta concerning Defendants' alleged infringement of the '889 Patent, which requires a declaration of rights by this Court.

45.     Defendants' counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. §§ 1, *et seq.*

46.     Defendants have not and do not infringe, either literally or under the doctrine of equivalents, any claim of the '889 Patent.

47.     Defendants have not and are not inducing infringement of any claim of the '889 Patent.

48.     Defendants have not and are not contributorily infringing any claim of the '889 Patent.

49.     Defendants are entitled to a declaratory judgment that they have not in the past infringed and are not now infringing the '889 Patent.

## THIRD COUNTERCLAIM
### Declaratory Judgment That The '514 Patent Is Invalid

50.     The allegations in Paragraphs 1-49 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

51.     All claims of the '514 Patent are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1, *et seq.*

2993491-4

52.     All claims of the '514 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 over at least the following prior art:

(a) FORTA AR® Advertisement, "Two Pictures That'll Change The Way You Look At Asphalt Reinforcement;"

(b) FORTA AR® Brochure, "Reinforcing The Future Of Asphalt;"

(c) FORTA AR® "Fact-Data" and "Specification" sheets;

(d) Forta "Project History," http://fortafi.tillmangroup.com/project-history/, (taken December 23, 2013);

(e) Kaloush, et al., "Evaluation of FORTA Fiber-Reinforced Asphalt Mixtures Using Advanced Material Characterization Tests," Report No. 200903AT101, Arizona State University, Dept. of Civil and Environmental Engineering (Sept. 2008);

(f) McDaniel et al., "Asphalt Additives to Control Rutting and Cracking," Joint Transportation Research Program, Indiana Department of Transportation and Purdue University (Jan. 2003);

(g) Van Kirk, J., "The Effect of Fibers and Rubber on the Physical Properties of Asphalt Concrete," Office of Transportation Laboratory California Dept. of Transportation (June 1986);

(h) Cooley, Jr., et al., "Improved Porous Friction Courses (PFC) On Asphalt Airfield Pavements," AAPTP Project 04-06, Airfield Asphalt Pavement Technology Program (July 2007);

(i) Brown, et al., "Mixture Design Method, Construction Guidelines, And Quality Control Procedures," National Cooperative Highway Research Program, Transportation Research Board, National Research Council (July 1998);

(j) "UTRS Europe Brings Asphalt Reinforcement To Europe," UTRS Europe Technical Bulletin, p. 3, Universal Technical Resource Services, Inc. (Winter 2007);

(k) UTRS Europe, "21st Century Road Construction, FORTA® AR® Fiber Asphalt Reinforcement," Universal Technical Resource Services, Inc. (2007);

(l) Ling et al., "Study On The Influence Of The Fiber And Modified Asphalt Upon The Performance Of Asphalt Mixtures," Pavements and Materials, pp. 45-54 (2008);

(m) "Fiber Additives for Bituminous Mixtures," Departmental Material Specifications, DMS-9204 (Dec. 2002);

(n) Brown et al., "Designing Stone Matrix Asphalt Mixtures For Rut-Resistant Pavements," NCHRP Report 425, National Center for Asphalt Technology, Auburn University (1999);

53.     All claims of the '514 Patent are invalid under 35 U.S.C. § 112.

54.     Defendants are entitled to a declaratory judgment that the '514 Patent is invalid and void pursuant to 35 U.S.C. § 101 *et seq.*

**FOURTH COUNTERCLAIM**
**Declaratory Judgment That The '889 Patent Is Invalid**

55.     The allegations in Paragraphs 1-54 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

56. All claims of the '889 Patent are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1, *et seq*.

57. All claims of the '889 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 over at least the following prior art:

(a) FORTA AR® Advertisement, "Two Pictures That'll Change The Way You Look At Asphalt Reinforcement;"

(b) FORTA AR® Brochure, "Reinforcing The Future Of Asphalt;"

(c) FORTA AR® "Fact-Data" and "Specification" sheets;

(d) Forta "Project History," http://fortafi.tillmangroup.com/project-history/, (taken December 23, 2013);

(e) Kaloush, et al., "Evaluation of FORTA Fiber-Reinforced Asphalt Mixtures Using Advanced Material Characterization Tests," Report No. 200903AT101, Arizona State University, Dept. of Civil and Environmental Engineering (Sept. 2008);

(f) McDaniel et al., "Asphalt Additives to Control Rutting and Cracking," Joint Transportation Research Program, Indiana Department of Transportation and Purdue University (Jan. 2003);

(g) Van Kirk, J., "The Effect of Fibers and Rubber on the Physical Properties of Asphalt Concrete," Office of Transportation Laboratory California Dept. of Transportation (June 1986);

(h) Cooley, Jr., et al., "Improved Porous Friction Courses (PFC) On Asphalt Airfield Pavements," AAPTP Project 04-06, Airfield Asphalt Pavement Technology Program (July 2007);

(i) Brown, et al., "Mixture Design Method, Construction Guidelines, And Quality Control Procedures," National Cooperative Highway Research Program, Transportation Research Board, National Research Council (July 1998);

(j) "UTRS Europe Brings Asphalt Reinforcement To Europe," UTRS Europe Technical Bulletin, p. 3, Universal Technical Resource Services, Inc. (Winter 2007);

(k) UTRS Europe, "21st Century Road Construction, FORTA® AR® Fiber Asphalt Reinforcement," Universal Technical Resource Services, Inc. (2007);

(l) Ling et al., "Study On The Influence Of The Fiber And Modified Asphalt Upon The Performance Of Asphalt Mixtures," Pavements and Materials, pp. 45-54 (2008);

(m) "Fiber Additives for Bituminous Mixtures," Departmental Material Specifications, DMS-9204 (Dec. 2002);

(n) Brown et al., "Designing Stone Matrix Asphalt Mixtures For Rut-Resistant Pavements," NCHRP Report 425, National Center for Asphalt Technology, Auburn University (1999);

58.     All claims of the '889 Patent are invalid under 35 U.S.C. § 112.

59.     Defendants are entitled to a declaratory judgment that the '889 Patent is invalid and void pursuant to 35 U.S.C. § 101 *et seq.*

## FIFTH COUNTERCLAIM
### Declaratory Judgment that the '514 Patent is Unenforceable
### Due To Inequitable Conduct

60.     The allegations in Paragraphs 1-59 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

61.     Defendants are entitled to a declaratory judgment that Forta's actions mislead the USPTO examiner as to the state of the prior art and the '514 Patent is unenforceable due to inequitable conduct.

62.     Forta admits that its FORTA-FI® product is the "subject of several patents and provisional patent applications," including the '514 Patent.  Second Amended Complaint at ¶¶ 19-26.

63.     Forta and its counsel prosecuting the '514 Patent knew that Forta's FORTA AR® product was substantively identical to its FORTA-FI® product.

64.     During prosecution of the '514 Patent, Forta and its counsel knew that Forta's FORTA AR® product was prior art to the '514 Patent and material to the patentability of the '514 Patent.

65.     During prosecution of the '514 Patent, Forta and its counsel knew that they were under a duty to disclose information material to patentability of the '514 Patent to the USPTO, but intentionally chose not to disclose information pertaining to its FORTA AR® products in order to deceive the USPTO and obtain allowance of the '514 Patent.

66.     Had Forta disclosed information relating to its FORTA AR® products, the '514 Patent would not have been allowed.

2993491-4

**SIXTH COUNTERCLAIM**
**Declaratory Judgment that the '889 Patent is Unenforceable**
**Due To Inequitable Conduct**

67.     The allegations in Paragraphs 1-66 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

68.     Defendants are entitled to a declaratory judgment that Forta's actions mislead the USPTO examiner as to the state of the prior art and the '889 Patent is unenforceable due to inequitable conduct.

69.     Forta admits that its FORTA-FI® product is the "subject of several patents and provisional patent applications," including the '889 Patent.  Second Amended Complaint at ¶¶ 19-26.

70.     Forta and its counsel prosecuting the '889 Patent knew that Forta's FORTA AR® product was substantively identical to its FORTA-FI® product.

71.     During prosecution of the '889 Patent, Forta and its counsel knew that Forta's Forta-AR® product was prior art to the '889 Patent and material to the patentability of the '514 Patent.

72.     During prosecution of the '889 Patent, Forta and its counsel knew that they were under a duty to disclose information material to patentability of the '889 Patent to the USPTO, but intentionally chose not to disclose information pertaining to its FORTA AR® products in order to deceive the USPTO and obtain allowance of the '889 Patent.

73.     Had Forta disclosed information relating to its FORTA AR® products, the '889 Patent would not have been allowed.

2993491-4

## SEVENTH COUNTERCLAIM
### Federal Unfair Competition and False and/or Misleading Advertising
### Under the Lanham Act

74.     The allegations in Paragraphs 1-73 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

75.     Surface-Tech alleges that Forta and its agents, distributors, or other persons or entities related to or doing business with Forta, made false and/or misleading representations in interstate commerce regarding their goods.

76.     Forta's representations that its FORTA-FI® product was "extensively tested with proven results" as part of the ASU study is false and misleading.

77.     Forta's representations that its FORTA-FI® product "[d]istributes throughout asphalt uniformly and completely," and [m]ixes thoroughly in seconds" is false and misleading.

78.     Forta's representations that its FORTA-FI® product is sold in three unique formulas for specific asphalt types, including Forta's HMA Blend "for Hot Mix Asphalt," WMA Blend "for Warm Mix Asphalt," and PAT Blend "for Hot/Cold Patch Asphalt" is false and misleading.

79.     Forta's aforesaid acts are meant to mislead customers and to usurp legitimate sales from Defendant, Surface-Tech.

80.     Forta's and its agents, distributors, or other persons or entities related to or doing business with Forta, aforesaid acts have caused and, unless restrained by this Court, will continue to cause Surface-Tech and the public to suffer great and irreparable damage and injury through false and/or misleading advertising.

81.     Forta's aforesaid acts are willful and deliberate.

2993491-4

82.     Such acts constitute false and/or misleading advertising in violation of Section 43(a) of the Lanham Act.  15 U.S.C. § 1125(a)(1)(A) and (B).

## EIGHTH COUNTERCLAIM
### Violations Of Pennsylvania's Unfair Trade Practices And Consumer Protection Law

83.     The allegations in Paragraphs 1-82 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

84.     Forta advertises, solicits clients, and conducts substantial amounts of business in the Commonwealth of Pennsylvania, where Forta is located.

85.     Forta's conduct violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 *et seq* (the "UTPCPL"), which prohibits "unfair methods of competition" and "unfair or deceptive acts and practices."

86.     Surface-Tech alleges that Forta made false and/or misleading representations in the Commonwealth of Pennsylvania regarding its goods, including its FORTA-FI® product.

87.     Forta has willfully performed acts declared unlawful by the UTPCPL, including, but not limited to:

(a)     Representing that its FORTA-FI® product has sponsorship, approval, characteristics, ingredients, uses, or benefits that it does not have;

(b)     Representing that its FORTA-FI® product is of a particular standard, quality or grade, when it is not;

(c)     Advertising its FORTA-FI® product with intent not to sell it as advertised; and

(d)     Engaging in other fraudulent or deceptive conduct which creates likelihood of confusion or of misunderstanding.

2993491-4

88.     Forta's aforesaid acts have caused and, unless restrained by this Court, will continue to cause Surface-Tech and the public to suffer great and irreparable damage and injury through false and/or misleading advertising.

89.     Forta's aforesaid acts are willful and deliberate.

**NINTH COUNTERCLAIM**
**Common Law Unfair Competition**

90.     The allegations in Paragraphs 1-89 of Defendants' Counterclaims are incorporated by reference as though fully set forth herein.

91.     Surface-Tech alleges that the acts of Forta described and complained of herein constitute unfair competition in violation of the laws of the Commonwealth of Pennsylvania.

**RELIEF**

WHEREFORE, Defendants request that this Court enter judgment that:

(a)     Dismisses Forta's Second Amended Complaint with prejudice and denies all relief requested therein;

(b)     Forta and all persons in active concert or participation with it are enjoined from threatening or charging infringement of, or instituting any action for infringement of U.S. Patent Nos. 8,114,514 and 8,142,889 against Defendants, their related corporate entities, suppliers, customers or any distributors or users of their products;

(c)     Defendants and their related corporate entities, suppliers, customers, distributors, or users of their products are not liable for direct infringement, contributory infringement, induced infringement, or willful infringement of U.S. Patent Nos. 8,114,514 and 8,142,889;

(d)     U.S. Patent Nos. 8,114,514 and 8,142,889 are invalid, unenforceable, and void pursuant to 35 U.S.C. §§ 101 et seq.;

(e)     Forta is not entitled to costs under 35 U.S.C. § 288;

(f)     This is an exceptional case entitling Defendants to an award of its attorneys' fees pursuant to 35 U.S.C. § 285;

(g)     Forta has engaged in unfair competition and false and/or misleading advertising under the Lanham Act, the Common Law of Pennsylvania, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law;

(h)     Forta is preliminarily and permanently enjoined from using the aforementioned false and/or misleading representations in its brochures, advertisements, or other promotional materials;

(i)     An award of actual and/or punitive damages;

(j)     That Defendants are entitled to prejudgment interest and post-judgment interest on the above damages award;

(k)     Costs and expenses be awarded to Defendants; and

(l)     Such other and further relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Trial to a jury for all issues so triable is demanded on Forta's Second Amended Complaint and Defendants' Counterclaims.

Respectfully submitted,

By: */s/ Ryan W. O'Donnell*
    Anthony S. Volpe (*pro hac vice*, PA ID 24,733)
    Ryan W. O'Donnell (*pro hac vice,* PA ID 89,775)
    Thomas P. Gushue (*pro hac vice,* PA ID 312,264)
    Volpe and Koenig, P.C.
    United Plaza
    30 S. 17th Street
    Philadelphia, PA 19103
    (215) 568-6400 – Telephone
    AVolpe@vklaw.com
    RODonnell@vklaw.com
    TGushue@vklaw.com

    Rebecca Sember Izsak (PA ID 74584)
    Cipriani & Werner, P.C.
    650 Washington Road, Suite 700
    Pittsburgh, PA 15228
    (412) 563-2000 – Telephone
    (412) 563-2080 – Facsimile
    rsember@c-wlaw.com

    ***Counsel for Defendants***