**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FORTA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1608 |
| | ) | Hon. Nora Barry Fischer |
| SURFACE-TECH, LLC, JAS COMPANY, | ) | |
| LLC, AND JOE STURTEVANT. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    PROCEDURAL BACKGROUND[1]

In this action, Plaintiff, Forta Corporation (hereinafter "Forta"), has sued Defendants, Surface-Tech, LLC, JAS Company, and Joe Sturtevant (collectively "Defendants"), for infringement of United States Patent Nos. 8,114,514 and 8,142,889.    The Court held a Technology Tutorial and Claim Construction Hearing (hereinafter the "*Markman* Hearing") on November 12, 2014, with Special Master John W. McIlvaine, III, Esq., presiding.

In preparation for the *Markman* Hearing, and pursuant to Rule 4.2 of the Local Patent Rules (hereinafter "LPR"), the parties submitted a joint disputed claims chart, identifying twelve disputed terms from each patent-in-suit, on September 12, 2014.    (Docket No. 73).    On September 26, 2014, Plaintiff submitted its opening claim construction brief and identification of extrinsic evidence, pursuant to LPR 4.3.    (Docket Nos. 75, 76).    Attached to this opening brief was the affidavit of Tara Y. Meyer, Ph.D.    (Docket No. 75-17).    While this affidavit references

---

[1]  A more in-depth procedural background of this action is included in the Special Master's Report and Recommendation for this Motion.    (Docket No. 94).    For brevity and, discerning no objections to the Special Master's recitation, the Court recites only the most salient points here.

Dr. Meyer's "attached curriculum vitae[,]" ("CV") it is undisputed that same was not actually attached.

Defendants filed a responsive claim construction brief and identification of extrinsic evidence, including the affidavit and CV of Defendants' expert, Martin I. Jacobs, Ph.D. (Docket Nos. 78, 78-12, 79). Plaintiff filed a reply brief and identification of additional extrinsic evidence, which did not include a supplemental affidavit of Dr. Meyer. (Docket Nos. 80, 81). Thereafter, Defendants submitted their sur-reply brief and identification of extrinsic evidence, which did include a supplemental affidavit of Dr. Jacobs. (Docket Nos. 83, 83-1, 84).

The *Markman* Hearing occurred on November 12, 2014. At 7:39 p.m. on November 11, 2014, Plaintiff produced to Defendants, via email, a copy of Dr. Meyer's CV for the first time. (Docket No. 91-1). Dr. Meyer's CV was not entered onto the record until the *Markman* Hearing. (*See* Plaintiff's Hr'g Ex. 6).

At the *Markman* Hearing, both parties elicited testimony from their experts. Portions of Dr. Meyer's testimony appeared to be responsive to Dr. Jacobs' affidavits. Defendants objected to these portions of Dr. Meyer's testimony, (Docket No. 89), as well as a hand-drawn graph Dr. Meyer created while testifying, Plaintiff's Hr'g Ex. 8, (Docket No. 89-5).

Following the hearing, the Court ordered the parties to contact the Special Master regarding whether they desired to file supplemental briefing on the objections placed on the record at the *Markman* Hearing. (Docket No. 86). Upon contacting the Special Master and receiving a briefing schedule from the Court, Defendants filed a Motion, (Docket No. 89), which was referred to the Special Master to prepare a Report and Recommendation. The Motion being fully briefed, Special Master McIlvaine filed his Report and Recommendation with the Court on January 28, 2015. (Docket No. 94). Defendants objected to same on February 11, 2015.

(Docket No. 95).  Plaintiff responded on February 18, 2015.  (Docket No. 96).  The Motion and

Objections being fully briefed, the Court now considers same.

## II.    LEGAL STANDARDS

Rule 53(f)(3) of the Federal Rules of Civil Procedure provides:

> The court must decide *de novo* all objections to findings of fact
> made or recommended by a master, unless the parties, with the
> court's approval stipulate that:
>
> (A) the findings will be reviewed for clear error; or
>
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or
>
> (C) will be final.

FED.R.CIV.P. 53(f)(3).   Rule 53(f)(4) requires the court to "decide *de novo* all objections to

conclusions of law made or recommended by a master."  FED.R.CIV.P. 53(f)(4).  As the parties in

this action did not stipulate that the Special Master's findings would be reviewed for clear error

or that his findings would be final, the Court's review of the Defendants' Objections is *de novo*.

Rule 16(f) relevantly states:

> (f) Sanctions.
> (1) In General.  On motion of on its own, the court may issue any
> just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(iv)
> if a party or its attorney:
>                                    * * *
> (C) fails to obey a scheduling or other pretrial order.

FED.R.CIV.P. 16(f).

The decision to exclude evidence under Rule 37 is within the discretion of the trial court.

*See, e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994) (citing *Semper v.

Santos*, 845 F.2d 1233, 1237 (3d Cir. 1988)).  To determine whether exclusion is appropriate for

the failure of a party to comply with pretrial orders, a court should consider the following

factors: "1) prejudice or surprise to the opposing party; 2)the ability of the opposing party to cure

the prejudice; 3) the disruption of the orderly and efficient trial of the case; 4) bad faith or willfulness; and 5) the importance of the evidence." *In re Zoloft (Setraline Hydrochloride Prods. Liab. Litig.*, No. 12-MD-2342, 2015 WL 115486 at *1 (E.D.Pa. Jan. 7, 2015) (citing *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) and *In re Paoli R.R. PCB Litig.*, 35 F.3d at 791); see also *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

This Court has previously held that "a showing of prejudice is required to grant any relief, and prejudice will likely not be found if the party is held to have had sufficient notice of the argument." *Wonderland Nurserygoods Co. v. Thorley Indus., LLC*, No. 12-196, 2013 WL 2471801 at *3 (internal quotes and citation omitted).

### ANALYSIS

Defendants raise seven objections to the Special Master's Report and Recommendation. The Court addresses each, in turn.

#### a. Construction of LPR 4.3

Defendants argue that Forta should not have been permitted to introduce Dr. Meyer's rebuttal testimony (as underlined in Exhibit A, (Docket No 89-3)) and Hearing Exhibit 8, (Docket No. 89-5), because neither was disclosed prior to the *Markman* Hearing, (Docket No. 90 at 5). Specifically, Defendants contend that FED.R.CIV.P. 26(a)(2)(B) controls the pre-*Markman* hearing disclosures required by LPR 4.3.

Rule 26(a)(2)(B) requires an expert to provide, *inter alia*, "i. a complete statement of all opinions the witness will express and the basis and reasons for them; ii. the facts or data considered by the witness in forming them; [and] iii. any exhibits that will be used to summarize

or support them."[2]  FED.R.CIV.P. 26(a)(2)(B)  Defendants also refer to the 1993 Advisory

Committee notes adopting revised Rule 26(a)(2)(B), which reads:

> This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.

(*Id.*).

Defendants go on to claim that Local Patent Rule ("LPR") 4.3 is consistent with Rule

26(a)(2)(B).  (Docket No. 90 at 4).  LPR 4.3 relevantly states:

> At the same time the party serves its Opening Claim Construction Brief, that party shall serve and file an identification of extrinsic evidence, including testimony of lay and expert witnesses the party contends supports its claim construction.  The party shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, lay or expert, the party shall also serve and file an affidavit signed by the witness that sets forth the substance of that witness' proposed testimony sufficient for the opposing party to conduct meaningful examination of the witness(es).

LPR 4.3.

Thus, pursuant to FED.R.CIV.P. 37 (c)(1) and 16(f)(1)(C), Defendants move to strike the

portions of  Dr. Meyer's testimony which they claim were used as rebuttal expert testimony and

outside the scope of her affidavit.  (Docket No. 90 at 5).  They contend that, at the hearing, Forta,

in contradiction to the LPRs, the Scheduling Order, and the Federal Rules of Civil Procedure,

made the conscious decision to present Dr. Meyer as a rebuttal witness knowing that it failed to

provide a proper supplemental affidavit.  (Docket No. 90 at 6).  They further contend that Forta

---

[2] The Court notes that Defendants appear to quote commentary to Rule 26 rather than the text of the rule itself. *Compare* Docket No. 90 at 4 *with* FED.R.CIV.P. 26(a)(2)(B).  Ultimately, because there is no substantive difference, this fact does not affect the Court's ruling.

presented this portion of Dr. Meyer's testimony and evidence without any prior notice to Defendants. (*Id*.)

Forta counters that Dr. Meyer's "testimony was fairly within the scope of her affidavit and did not unfairly surprise or prejudice Defendants." (Docket No. 91 at 3). It argues Rule 26 is not applicable, as it "imposes a much greater burden on the parties than does LPR 4.3," which does not "incorporate the requirements of or reference" Rule 26. (*Id*.). Forta points out that Rule 26(a)(2)(A) is directed to "any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," and that it has not yet identified Dr. Meyer as a trial witness. (*Id*. at 3–4).

Forta further contends that LPR 4.3 does not require or contemplate the comprehensive expert report required by Rule 26(a)(2)(B). (*Id*. at 4). Rather, Forta notes, Rule 26(a)(2)(B) "sets forth additional requirements for an expert who is 'retained or specially employed,' including requiring 'a written report . . . prepared and signed by the witness.'" (*Id*. at 4 (quoting FED.R.CIV.P. 26(a)(2)(B)) (emphasis omitted) (alteration in source)). That report must contain the following:

> (i)      a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)     the facts or data considered by the witness in forming them;
> (iii)    any exhibits that will be used to summarize or support them;
> (iv)     the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)      a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)     a statement of the compensation to be paid for the study and testimony in the case.

(*Id*. quoting FED. R.CIV.P. 26(a)(2)(B)).

Forta argues that the reporting requirements imposed by Rule 26(a)(2)(B) far exceed those of LPR 4.3 (*Id*.).[3] It asserts that, although LPR 4.3 requires that the affidavit set forth the substance of the witness's proposed testimony, it does not adopt the language of Rule 26(a)(2)(B) and does not impose the "complete statement of all opinions" standard. (*Id*.). Forta then contrasts LPR 4.3 with LPR 5.1, noting that LPR 5.1 addresses expert disclosures for trial, requiring the parties to make "expert witness disclosures required by Rule 26." (*Id*. (quoting LPR 5.1)). Forta theorizes that, if the affidavits submitted under LPR 4.3 were subject to any of the requirements of Rule 26, LPR 4.3 would have been drafted similarly to LPR 5.1 with a clear reference to Rule 26. (*Id*.)

Defendants respond that "if Plaintiff's characterization of [LPR] 4.3 is accepted, all that is required to satisfy this LPR 4.3 is the mere identification of an expert witness without more." (Docket No. 93 at 1–2). For the reasons outlined below, the Court disagrees with Defendants' contention, given the clear wording of LPR 4.3.

The Special Master notes that "it is beyond dispute that LPR 4.3 controls the information required to be included in the affidavit of any witness – lay or expert – that will testify at a Markman hearing in this district." (Docket No. 94 at 4). He points out that "[t]he parties have cited no case law that requires witness affidavits submitted under LPR 4.3 to conform to the requirements of Rule 26 . . . ." (*Id*. at 5). He also indicates that he was similarly "unable to locate any in the course of independent research." (*Id*.). After noting the clear differences between LPR 4.3 and Rule 26, the Special Master "concludes that Rule 26 does not govern the affidavit requirement of LPR 4.3." (*Id*. at 6 (citing *Wonderland Nurserygoods Co.*, 2013 WL

---

[3] Indeed, as Forta notes, neither of Dr. Jacobs' affidavits, submitted by Defendants, satisfies all of the requirements set forth in Rule 26(a)(2)(B). (*Id*. at 4 n.1.).

2471801, at *2 (W.D. Pa. June 7, 2013) (for the proposition that the contentions required by the LPRs are an extension of notice pleadings, and do not implicate Rule 26)).  (*Id.* at 6).

The key provision of LPR 4.3 requires that "the opposing party be provided with 'the substance of that witness' proposed testimony sufficient . . . to conduct meaningful examination . . . .'"  (*Id.* at 8).  The Special Master, despite noting that Dr. Meyer's "affidavit may be characterized as containing more in the way of conclusions than citation to underlying authority," finds that her "testimony falls within a fair reading of her affidavit."  (*Id.* at 8-9).  He goes on to state that, "given the nature of the dispute between the parties regarding the relevant terms, it should not have been surprising to either party that the testimony of one expert would bleed into the subject matter of the affidavit of the other."  (*Id.* at 9).

With respect to Hearing Exhibit 8, the Special Master implies that it should not have been a surprise to Defendants by pointing out that their own expert, Dr. Jacobs, "conceded during the hearing that the graph at Hearing Exhibit 8 is similar – albeit with one 'critical difference' – to the graph included in his own affidavit."  (*Id.*).  He also notes that Dr. Jacobs' "graph was taken from the text cited by [Dr. Meyer] in her affidavit."  (*Id.*).

Defendants object to these findings, arguing that the Special Master undertook an "extremely liberal" reading of Meyer's affidavit which allowed "sweeping expert conclusions with little to no substance" to satisfy LPR 4.3.  (Docket No. 95 at 3).  They contend that the "conclusion-filled Affidavit clearly did not provide Defendants with the necessary substance for Defendants to conduct a meaningful examination of Dr. Meyer's testimony as required by LPR 4.3."  (*Id.*).  Further, Defendants argue that the "[a]ffidavit did not include or encompass the new chart, Plaintiff's Hearing Exhibit 8, that was hand drawn by Meyer, without any accurate scale, and presented for the first time at the claim construction hearing."  (*Id.*).  Thus, they claim that

allowing LPR 4.3 "to be satisfied by the mere conclusions without anything more, and to stretch those conclusions to encompass any evidence not disclosed in the Meyers' [*sic*] Affidavit, such as Plaintiff's Hearing Exhibit 8, flaunts [LPR 4.3]." (*Id.*).

Forta responds that Defendants offer no support for their more stringent interpretation of LPR 4.3. (Docket No. 96 at 3). The Special Master, it contends, properly construed the requirements of LPR 4.3 and held that Dr. Meyer's affidavit met same.

The Court agrees with the Special Master's conclusion that the requirements imposed by LPR 4.3 do not encompass those of Rule 26. Particularly compelling is the difference between LPR. 4.3 and LPR 5.1. It is clear that the drafters of the LPRs understood that Rule 26 applied to expert testimony at trial but did not seek to impose its requirements at the *Markman* Hearing. *Compare* LPR 5.1 (expressly requiring compliance with Rule 26 for trial experts) *with* LPR 4.3 (not expressly imposing Rule 26's requirements).

Further, the Court notes that the LPRs "are designed to advance [patent] litigation in a timely and efficient manner and make it less expensive." *Copper Innovs. Grp., LLC v. Nintendo Co.*, No. 07-1752, 2012 WL 628465, at *2 (W.D.Pa. Feb. 27, 2012) (J. Cercone) (citing *Raytheon Co. v. Indigo Sys. Corp.*, No. 07-109, 2008 WL 5378047, at *1 (E.D.Tx. Dec. 23, 2008)). The Court finds that construing a rule such as LPR 4.3 to require the comparatively more arduous requirements of Rule 26 without any supportive authority runs contrary to the very purpose of the rules. Additionally, this Court has previously held other portions of the pre-trial procedures established by the LPRs as "extension[s] of notice pleadings." *Wonderland Nurserygoods Co.*, No. 12-196, 2013 WL 2471801, at *2 (W.D.Pa. June 7, 2013).

Accordingly, Defendants' Objections regarding the Special Master's interpretation and application of LPR 4.3 are overruled.

### b. Whether Dr. Meyer's Testimony "falls within a fair reading of her affidavit"

As above, Defendants argue that FED.R.CIV.P. 26 barred Meyer's rebuttal testimony. *See supra* Section V.A. Forta counters that the less burdensome LPR 4.3 controls and that the rebuttal testimony should not be stricken because it was fairly within the scope of Meyer's affidavit. (*Id*.).

The Special Master agreed with Forta with respect to LPR 4.3 and found that Meyer's "testimony falls within a fair reading of her affidavit." (*Id*.).

Defendants object to the Special Master's conclusion regarding the rebuttal testimony arguing that he applied the wrong standard. (Docket No. 95 at 4). They assert that, because Dr. Meyer "did not submit a rebuttal affidavit or disclose Plaintiff's Hearing Exhibit 8 in her original Affidavit, she failed to set forth the substance of her testimony sufficient for them to conduct meaningful examination during the claim construction hearing" as required by LPR 4.3. (*Id*.).

Forta responds that Dr. Meyer made clear in her affidavit that "she considered the parties' joint disputed claim terms charts, which set forth Defendants' proposed limitation on the claim terms polyolefin, polyethylene, and polypropylene, prior to rendering her opinions, and none of her testimony constituted new evidence that Defendants should not have reasonably anticipated." (Docket No. 96 at 3). Moreover, Forta points out that, despite having access to it for over 6 weeks, Defendants never raised any objection to the supposedly "conclusion-filled" affidavit. (*Id*.).

The Court agrees with the Special Master's conclusion as to this point. Specifically, "given the nature of the dispute between the parties regarding the relevant terms, it should not have been surprising to either party that the testimony of one expert would bleed into the subject matter of the affidavit of the other." (Docket No. 94 at 9). For example, Defendants wish to

have stricken all of Dr. Meyer's testimony regarding their contention that polyolefins must have at least 500 backbone carbons. (See Docket No. 89-3 at 8:2–11:2). In her affidavit, Dr. Meyer states that she "reviewed and considered," *inter alia*, the "relevant portions of the Joint Disputed Claim Terms Chart," which made clear that Defendants' argument was that "Polyolefins have at least 500 carbons in their polymer backbone." (Docket No. 73 at 3). She further specifically states that "[t]here is no absolute definition of chain length that characterizes a polymer, as suggested by Defendants." (Docket No. 75-17 at ¶9). Any reasonable reading of these combined statements would put Defendants on notice that Dr. Meyer would contest Dr. Jacobs' argument to the contrary.

Accordingly, this objection is overruled.[4]

### c. The "Similarities" Between Plaintiff's Hearing Ex. 8 and the Graph at ¶36 of the Jacobs Affidavit

As above, Defendants continue to argue that Rule 26 should bar Plaintiff's Hearing Exhibit 8. *See supra* Section V.A. Forta again counters that the less burdensome LPR 4.3 controls and that Hearing Exhibit 8 should not be stricken because it "did not unfairly surprise or prejudice Defendants." (*Id.*).

The Special Master agreed with Forta with respect to LPR 4.3 and found that Hearing Exhibit 8 should not be stricken. (*Id.*).

Defendants object to the Special Master's conclusion regarding Hearing Exhibit 8, arguing that he misconstrued Dr. Jacobs' testimony concerning same and "the 'critical difference' discussed by Defendants' expert makes clear that these charts address distinct and measure drastically different properties." (Hearing Tr. at 146-147; Docket No. 95 at 4-5). They assert that the substance of the two graphs is "clearly different" (Docket No. 95 at 5).

---

[4] As this Objection is fairly broadly worded, the Court relies upon its analysis of Defendants' Objections to individual Exhibits, *infra*, as additional support for overruling it.

Specifically, they focus on the section of the graphs where the number of carbon atoms in the backbone ranges from 0-70 carbons. (*Id*. at 5). Defendants point out that Dr. Jacobs' graph illustrates mechanical strength and that, in the 0-70 carbon atom range, the molecules have **no** mechanical strength. (*Id*.) (emphasis added). Dr. Meyer's graph, (Hearing Exhibit 8), on the other hand, illustrates the melting point and that, in the 0–70 carbon atom range, the molecules not only have a melting point but also experience a steep increase in melting point throughout. (*Id*.). Defendants, therefore, argue that this difference delinks Dr. Meyer's graph from that of Dr. Jacobs' and prohibits Dr. Meyer's from being admitted into evidence without a cited source. (*Id*.).

Forta responds that Dr. Meyer's graph (Hearing Exhibit 8) "was merely offered as a visual aid to enhance [her] testimony." (Docket No. 96 at 4). Forta then asserts that the Special Master "is more than adept to consider the weight of [the] Exhibit" and that Defendants "have failed to set forth grounds warranting its exclusion." (*Id*.)

As learned counsel are aware, demonstrative evidence is "[p]hysical evidence that one can see and inspect (*i.e.*, an explanatory aid, **such as a chart**, map, and some computer simulations) and that, while of probative value and usu[ally] offered to clarify testimony, does not play a direct part in the incident in question." BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). Further, the "admission of demonstrative evidence is at the discretion of the trial court." *United States v. Schwyhart*, 123 F.App'x 62, 67 (3d Cir. 2005) (unpublished) (citing *United States v. Rockwell,* 781 F.2d 985, 986 n. 3 (3d Cir.1986)); *see also* FED.R.EVID.611(a) & Advisory Committee Notes, 1972 proposed rules, ("the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence," which include "the use of demonstrative evidence . . . and the many other questions

arising during the course of a trial which can be solved only by the judge's common sense and fairness in view of the particular circumstances"). For the Court to fully understand Dr. Meyer's testimony, an explanation of certain scientific terms and concepts was needed. *Cf. Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No 09-290, 2012 WL 6578412, at *2 (W.D.Pa. Dec. 17, 2012) (J. Fischer). Hence, Plaintiff's Hearing Ex. 8 was helpful in demonstrating to the Court the meaning of her testimony.

The Court also agrees with the Special Master's conclusion regarding Hearing Exhibit 8. Especially telling, as the Special Master notes, is the fact that Defendants' own expert, Dr. Jacobs admitted that Dr. Meyer's chart was "similar" to his own. (Hr'g Tr. At 146:18). Dr. Jacobs then explained the "critical difference" between the charts. (*Id.* at 146:18–147:22). Accordingly, with Dr. Jacobs' rebuttal testimony and leave to file an additional expert report, Defendants will be fully capable of curing whatever potential prejudice they have allegedly experienced without explicit disclosure of Plaintiff's Hearing Exhibit 8 prior to the *Markman* Hearing.

Finally, with Dr. Jacobs' testimony at the *Markman* Hearing and Defendants' supplemental filing, the Court agrees with Forta's position that "Special Master McIlvaine is more than adept to consider the weight of this Exhibit in rendering his Claim Construction Report and Recommendation," (Docket No. 96 at 4). *Cf. Texas v. Florida*, 306 U.S. 398, 413 (1939); *In re J.A.R. Barge Lines, L.P.*, Nos. 03-163, 03-180, 04-754, 04-1611, 2007 WL 674348, at *16 (W.D.Pa. Feb. 28, 2007).

Accordingly, this Objection is overruled.

### d. Whether Plaintiff's Hearing Ex. 8 is "taken from the text cited by Dr. Meyer in her affidavit"

Defendants contend that "[t]he Special Master's Report is factually incorrect to the extent that it holds that Plaintiff's Hearing Exhibit 8 did not create any prejudice or surprise to Defendants since it 'was taken from the text cited by Meyers [*sic*] in her affidavit.'" (Docket No. 95 at 4–5).

Forta responds that, "[a]lthough the hand-drawn graph . . . is not an exact replica of a graph from a text, a reading of the Hearing Transcript demonstrates that Defendants' objection misrepresents Dr. Meyer's testimony and Special Master McIlvaine's conclusion." (Docket No. 96 at 5–6 (citing Hr'g Tr. at 119, 123–24)).

The Court includes the entire paragraph at issue for completeness:

> Similarly, Defendants' expert conceded during the hearing that the graph at Hearing Exhibit 8 is similar – albeit with one "critical difference" – to the graph included in his own affidavit. Hr'g Tr. at 146-147; (ECF No. 78-12 ¶ 36). It also is worth noting that this graph was taken from the text cited by Dr. Meyers [*sic*] in her affidavit. <u>Compare</u> (ECF No. 89-5) with (ECF No. 78-12 ¶ 36 and n.1) ("Ex. 4 is taken from the textbook relied on at par. 6 of the Meyer Affidavit."); <u>see also</u> (ECF No. 89-6 ¶ 6 and n. 1).

(Docket No. 94 at 9). The first sentence of this paragraph first references Dr. Meyer's hand-dawn graph, then the graph Dr. Jacobs included in his affidavit.[5] (*Id.*). The next sentence then references "this graph." (*Id.*). While traditional syntax would suggest that "this graph" is the last-referenced graph in the previous sentence (*i.e.*, Dr. Jacobs'), the citation following the second sentence references both Dr. Meyer's and Dr. Jacobs'. (*Id.*). As such, it is not completely unreasonable to construe this paragraph as suggesting that Dr. Meyer's graph, Plaintiff's Hearing Ex. 8, "was taken from the text cited by Dr. Meyers [*sic*] in her affidavit." (*Id.*).

---

[5] It is beyond contest that Dr. Jacobs' graph came from the text cited in Dr. Meyer's Affidavit. (Docket No. 78-12 ¶36 and n.1).

However, as stated, *supra*, Defendants elicited testimony from their expert following Dr. Meyer's testimony and the admission of Plaintiff's Ex. 8, explaining the difference between his graph and Dr. Meyer's. (Hr'g Tr. at 146:18–147:22). Further, the Court holds that leave to submit a supplemental expert report will cure any alleged prejudice suffered by Defendants due to the admission of Plaintiff's Ex. 8 and Defendants' interpretation of the Special Master's Report.

Accordingly, this Objection is overruled.

### e. Dr. Meyer's Testimony Regarding Her Qualifications and Experience

Defendants request that Dr. Meyer's CV and testimony regarding her qualifications be stricken from the record because, "[p]rior to the [*Markman*] Hearing, Defendant was not given any notice of Dr. Meyer's qualifications other than what was provided in paragraph 1 of the earlier Meyer [Affidavit]," and because "Defendant[s] also did not have any opportunity to review Dr. Meyer's alleged publications or evaluate her claim to have worked with a 'premier' polymer chemist." (Docket No. 90 at 7).

Plaintiffs counter that Dr. Meyer's CV and her testimony should not be stricken because they "neither prejudiced Defendants nor deprived them of an opportunity to assess Dr. Meyer's qualifications prior to the [*Markman*] Hearing." (Docket No. 91 at 9). Specifically, Forta argues that, because Dr. Meyer's affidavit states that her CV is attached, Defendants could have either informally brought to Plaintiff's Counsel's attention the fact that it was not actually attached or formally objected, pursuant to LPR 4.3.[6] (*Id.* at 10).

---

[6] The Court expects Counsel to communicate. *See* FED.R.CIV.P. 1. It agrees with Forta's position that Defendants were on notice of the fact that the CV was not attached, as intended. Dr. Meyer's Affidavit was filed as Exhibit M to Plaintiff's Opening Claim Construction Brief. (Docket No. 75). The brief and its exhibits were filed on September 26, 2014. (*Id.*). The *Markman* Hearing took place on November 12, 2014. (Docket No. 85). Approximately six weeks passed without Defendants objecting to the failed inclusion of the CV. Based on the representations of Plaintiff's Counsel at the *Markman* Hearing and in subsequent filings, the Court accepts their

The Special Master found that "[t]o the extent that they wished to question Dr. Meyer regarding the information included in her CV, it appears, on its face, that Defendants suffered at least some prejudice due to the late hour of its disclosure." (Docket No. 94 at 9). However, the Special Master finds that any alleged prejudice was not the result of unfair surprise because Defendants had Dr. Meyer's affidavit, referencing her CV for more than six weeks prior to the *Markman* Hearing. (*Id.*). Further, the Special Master points out that "[t]here is no evidence that Defendants ever objected to the missing CV prior to the hearing, and they explicitly refrained from objecting at the hearing itself when Plaintiff introduced the CV into evidence." (*Id.* (citing Hr'g Tr. At 95:20–96:6).

Defendants object to this finding. (Docket No. 95 at 6). However, they raise no new arguments in support. (*Id.*). Defendants merely reiterate that they had "no prior notice of Dr. Meyers' [*sic*] qualifications beyond what was provided in paragraph 1 of" her affidavit. (*Id.*). Plaintiff also responds with the same arguments it made in its initial response brief (*i.e.*, that Defendants were on notice of the missing CV and that they did not object to its admission at the *Markman* Hearing).

Finally, the fact that Defendants failed to object to this portion of Dr. Meyer's testimony or the admission of her CV at the *Markman* Hearing is determinative.[7] Defendants waived their objection as to these issues by failing to object to Dr. Meyer's testimony and affirmatively

---

assertion that the omission was unintentional and has no reason to doubt that the CV would have been produced immediately upon request of Defense Counsel.

[7] The Court also suggests that, in anticipation of a hearing, it is incumbent upon Counsel to prepare for same. In this Court's estimation, preparation includes researching your opponents and, where relevant, their witnesses, expert or otherwise. In advance of a *Markman* Hearing where competing expert testimony is anticipated, such preparation should include an investigation of the opposing party's expert. To that end, Defense Counsel could question their own expert witness as to what, if any, information he had about Dr. Meyer. Moreover, the Internet provides multiple platforms to explore the credentials and background of Dr. Meyer (or any other witness). Where, as here, Defendants were put on notice that this expert's CV was supposed to be attached to a prior filing, then and in that event, the duty is on Defendants to point this out, either informally, by way of a phone call or email to opposing counsel, or, if necessary formally, through motions practice.

stating that they had "[n]o objection," to the introduction of her CV, Hr'g Tr. At 96:5. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992). Accordingly, Defendants' Objections as to this issue are overruled.

### f. The 10 Minute Recess

At the completion of Plaintiff's examination of Dr. Meyer, Defendants requested "a ten minute recess to consider the new evidence that was put in by Dr. Meyer and to talk it over with our expert as well." (Hearing Tr. at 118:14–17). The Special Master granted the request, stating: "[w]ell, I guess I'll honor that request, but let's keep it tight because we'd like to finish up by the end of the day today. Ten minutes, strictly ten minutes and then we'll get back on the record here." (*Id*. at 18-21).

Defendants allege that the Special Master **limited** the recess granted to Defendants during the Claim Construction Hearing to a strict ten minutes. (Docket No. 95 at 7). They then contrast the ten minute recess during the Claim Construction Hearing with the minimum of two weeks each side was given to review and respond to the opposing party's evidence per the Amended Patent Scheduling Order. (*Id*.; *see also* Docket No. 57 at ¶¶ 7–9). Defendants claim that the ten minute recess was "unreasonable and insufficient for Defendants to analyze and consider the reliability of this new testimony and evidence (i.e., Plaintiff's Hearing Exhibit 8) presented by Plaintiff." (Docket No. 95 at 7). They also argue that the Special Master's recommendation that Defendants be permitted to present additional evidence, does not remedy the consequences of Plaintiff's allegedly blatant disregard for the time periods for submitting evidence pursuant to the Court's Amended Scheduling Order and Local Patent Rules. (*Id*.).

Forta responds that, because Dr. Meyer's "testimony falls within a fair reading of her affidavit and Defendants "had a full and fair opportunity to cross-examine her" after the

requested recess, the objection lacks merit. (Docket No. 96 at 7.) They further argue that "Defendants' filing of additional evidence will entirely cure any possible prejudice that they may have suffered." (*Id.*).

As stated, *supra*, the Court agrees that the submission of an additional expert report will cure any prejudice Defendants allegedly suffered at the *Markman* Hearing. Further, the Court notes that Defendants specifically "ask[ed] for a ten-minute recess." (Hr'g Tr. At 118:14–17). That Special Master McIlvaine granted their request and instructed them to adhere to it does not evince prejudice.[8] As such, Defendants' Objection is overruled as to the recess, but they shall have an opportunity to present additional evidence, in the form of a supplemental expert report, within two weeks.

### g. "Fruit from the Poisonous Tree"

As detailed above, Defendants originally argued that Rule 26 barred Dr. Meyer's rebuttal testimony. *See supra* Section V.A. Specifically, Defendants seek to strike Dr. Meyer's testimony regarding wax as follows: "wax is not a phase. It is not an identifiable phase with a phase transition." (Docket No. 90 at 5; Hearing Tr. at 108: 5-6). Forta counters that the less burdensome LPR 4.3 controls and that the rebuttal testimony should not be stricken because it was fairly within the scope of Dr. Meyer's affidavit. (*Id.*).

Defendants also allege bad faith with regard to the rebuttal testimony because Plaintiff "blatantly ignored" the Amended Patent Scheduling Order, (Docket No. 57), and the LPRs by presenting "new evidence" at the claim construction hearing, (Docket No. 90 at 9).

The Special Master agreed with Forta with respect to LPR 4.3 and found that Dr. Meyer's "testimony falls within a fair reading of her affidavit." (Docket No. 94 at 9). In specifically

---

[8] Defendants could have asked for more than a ten-minute recess. If they were so surprised by Dr. Meyer's testimony that they felt it necessary, they could have requested the hearing be continued. In that regard, the Court notes that it initially set aside two full days for this *Markman* Hearing. (Docket No. 57).

addressing the bad faith allegation, he determined that "it is difficult to characterize [Dr. Meyer's testimony] as made in bad faith," as "most of her testimony at issue falls within the scope of the affidavit." (*Id*. at 10). He continues that "[Dr. Meyer's] digression into the subject of the phase-state of waxes also was at least in part a response to a question posed by the Special Master." (*Id*.; Hr'g Tr. at 107: 8-9).

Defendants object to the Special Master's finding of a lack of bad faith, arguing that, the fact that he inquired about a "phase diagram" in relation to Plaintiff's Hearing Exhibit 8, does not alter the fact that Dr. Myer's testimony was improper. (Docket No. 95 at 8). They repeat their claim that the testimony was in violation of the Amended Patent Scheduling Order, (Docket No. 57), and the LPRs; this time calling it "willful disregard." (*Id*.).

Forta responds by claiming that Defendants were not prejudiced in light of the fact that "they were granted a recess to assess Dr. Meyer's testimony, examined their own expert **after** Dr. Meyer testified, could have requested to recall Dr. Meyer, who remained in the courtroom for the duration of the hearing, and Special Master McIlvaine has recommended that they be permitted to submit additional evidence." (Docket No. 96 at 8) (emphasis in original). They argue that the ability to submit additional evidence will surely cure any prejudice that Defendants might have suffered. (*Id*.)

Again, the Court agrees that the recommendation that Defendants be granted leave to submit additional evidence will cure any prejudice they allegedly experienced as a result of Dr. Meyer's rebuttal testimony. Accordingly, this Objection is overruled.

### III. CONCLUSION

AND NOW, this 5th day of March, 2015, the Court having participated in the *Markman* Hearing in this action, and upon consideration of the Defendants' Motion to Strike Certain

Portions of Plaintiff's Expert Testimony and Hearing Exhibits Presented at the November 11, 2014 Claim Construction Hearing, (Docket No. [89]), Defendants' Brief in Support of same, (Docket No. [90]), Plaintiff's Brief in Opposition, (Docket No. [91]), Defendants' Reply Brief, (Docket No. [93]), the Special Master's Report and Recommendation, (Docket No. [94]), Defendants' Objections thereto, (Docket No. [95]), and Plaintiff's Responsive Brief, (Docket No. 96),

IT IS HEREBY ORDERED that Defendants' Objections are OVERRULED.

IT IS FURTHER ORDERED that, upon *de novo* review, the Special Master's Report and Recommendation is ADOPTED as the opinion of the Court, with the exception that Defendants shall have fourteen days to submit a supplemental expert report, rather than the recommended ten.

IT IS FURTHER ORDERED that Defendants' Motion is GRANTED, only to the extent Defendants seek to file a supplemental expert report directly rebutting the testimony and exhibits addressed above and is DENIED in all other respects.

IT IS FINALLY ORDERED that said supplemental report shall be filed by **March 19, 2015**.


*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

Special Master John W. McIlvaine, III, Esq.